IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER LASHON JOHNSON,**                     **PETITIONER**

v.                       No. 1:12CV198-B-V

**RONALD KING, ET AL.**                     **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Christopher Lashon Johnson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed, and Johnson has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

The Petitioner, Christopher LaShon Johnson, is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. He was convicted of one count of depraved heart murder in the Circuit Court of Monroe County, Mississippi. On November 4, 2004, he was sentenced to serve life in the custody of the Mississippi Department of Corrections ("MDOC"). Johnson appealed his conviction and sentence to the Mississippi Supreme Court. On October 10, 2006, the Mississippi Court of Appeals affirmed the judgment of the Circuit Court. *Johnson v. State*, 950 So.2d 217 (Miss.Ct.App. 2006) reh'g. denied, Feb. 27, 2007 (Case No. 2005-KA-01028-COA). The records of the Mississippi Supreme Court Clerk's Office show that Johnson did not file a petition for writ of certiorari to the Mississippi Supreme Court. On

February 22, 2008, Johnson filed (through counsel) an Application for Leave to Proceed in the Trial Court with a Petition for Post-Conviction Collateral Relief in the Mississippi Supreme Court. On July 17, 2008, that Court granted the Application, allowing Johnson to proceed with his state petition for post-conviction relief ("PCR") in Monroe County Circuit Court. (Case No. 2008-M-00336). After an evidentiary hearing, the Circuit Court denied the Johnson's PCR Motion on September 29, 2009. Johnson appealed the lower court's decision to the Mississippi Supreme Court, and, on March 29, 2011, the Mississippi Court of Appeals affirmed the Circuit Court's judgment *Johnson v. State*, 70 So.3d 262 (Miss.Ct.App. 2011) reh'g. denied, June 28, 2011, cert. denied, Sept. 22, 2011 (Case No. 2009-CA-01776-COA). The Mandate was issued on October 13, 2011. Johnson filed the instant petition for a writ of *habeas corpus* on September 10, 2012.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Johnson's judgment became final on March 13, 2007, fourteen days after his petition for rehearing was denied in state court (February 27, 2007, plus 14 days). MISS. R. APP. P. 17(b). As Johnson filed state application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before March 13, 2008, the federal limitations period was tolled during its pendency. *Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. th Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Johnson's Motion for PCR was filed by his attorney on February 22, 2008, and the mandate was issued on October 13, 2011 – 1,329 days later. Therefore, the statute of limitations is tolled for 1,329 days from the day his one-year time limitation period would have originally expired, May 23, 2008, moving federal deadline to November 2, 2011. *Watts v. Brewer*, 416 Fed.Appx. 425 (5th Cir. 2011) (The date the mandate was issued by the state appellate court is the date on which all state post-conviction procedures are complete).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was

filed sometime between the date it was signed on September 6, 2012, and the date it was received and stamped as "filed" in the district court on September 10, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 309 days after the November 2, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 3rd day of September, 2013.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE